IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) CRYSTAL MUNCY,                     )
(2) BRANDIE MUNCY, and                 )
(3) LUCAS CORDER,                      )
                                       )
         Plaintiffs,                   )
                                       )
v.                                     )   Case No. 16-cv-426-RAW
                                       )   Complaint and Jury Demand
(1) LONGHAUL TRUCKING, INC., and       )
(2) WILLIAM WALTER BROWN,              )
                                       )
         Defendants.                   )

## COMPLAINT

COME NOW the Plaintiffs, Crystal Muncy, Brandie Muncy, and Lucas Corder ("Plaintiffs") for their cause of action against the above-captioned Defendants, and allege and state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Crystal Muncy, Plaintiff Brandie Muncy, and Plaintiff Lucas Corder, at all times pertinent hereto, were residents of the County of Oklahoma County, State of Oklahoma.

2. Defendant William Walter Brown ("Defendant Brown") is a resident of Washington County, State of Minnesota.

3. Defendant Longhaul Trucking, Inc. ("Defendant LHT") is a foreign corporation organized under the laws of the State of Minnesota.

4. To Plaintiffs' best information, at all time pertinent to the events giving rise to this lawsuit, Defendant Brown was acting with the scope of his employment for

1

Defendant LHT; therefore, Defendant LHT is vicariously liable for the acts and omissions of Defendant Gonzales under the doctrine of *respondeat superior*.

5. Complete diversity of citizenship exists between the parties to this action, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, conferring diversity jurisdiction to this Court pursuant to 28 U.S.C. § 1332.

6. The wrongful acts and omissions giving rise to the claims asserted herein occurred in McCurtain County, State of Oklahoma, which is within the federal judicial district for the Eastern District of Oklahoma. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

7. On or about November 7, 2014, Plaintiffs were traveling on U.S. Highway 259 ("U.S. 259") from Broken Bow, Oklahoma.

8. Plaintiffs were headed to a cabin located on Lucian Sorrel Road off of U.S. 259.

9. The location of said cabin on U.S. 259 is a heavy-trafficked area with vacationers who rent cabins up and down the highway.

10. Plaintiff Crystal Muncy was driving, and Plaintiffs Brandie Muncy and Lucas Corder were passengers in their black Chevrolet Suburban.

11. Plaintiffs signaled to make a left turn on Lucien Sorrel Road.

12. Plaintiff Crystal Muncy began her left turn onto Lucien Sorrel Road.

13. Defendant Brown is believed to have been driving a white 2012 Kenworth tractor-trailer semi truck, and was hauling rolls of aluminum.

14. Defendant Brown did willfully and negligently attempt to pass Plaintiff's Suburban as Plaintiff slowed and began her left turn.

15. As a result of Defendant Brown's willful, reckless, and negligent operation of a tractor-trailer semi truck, he slammed into the Suburban on the driver's side of the vehicle as Plaintiffs began their left turn in an area of the roadway marked as a "no-passing zone."

16. The impact of the tractor-trailer into Plaintiffs' Suburban caused the vehicle to be launched 200 feet off of the road where it slammed into a grass embankment off the east side of the roadway.

## FIRST CAUSE OF ACTION
## PLAINTIFF CRYSTAL MUNCY

COMES NOW the Plaintiff, Crystal Muncy, and reaffirms the above allegations and pleadings, and further states as follows:

18. As a result of Defendants' negligence as previously pled, Plaintiff Crystal Muncy suffered damages as follows:

   (i) Medical expenses, past and future;

   (ii) Physical and mental pain and suffering; and

   (iii) Other damages to be set forth after discovery; all of which are greater than the statutory amount for diversity jurisdiction pursuant to 28 U.S.C. §1332.

WHEREFORE, the Plaintiff prays for judgment against the above-captioned Defendants for an amount greater than required for diversity jurisdiction pursuant to 28 U.S.C. §1332, her attorney's fees, costs, interest and other such relief as the Court shall

deem equitable and proper.

## SECOND CAUSE OF ACTION
## PLAINTIFF BRANDIE MUNCY

COMES NOW the Plaintiff, Brandie Muncy, and reaffirms the above allegations and pleadings, and further states as follows:

19. As a result of Defendant Brown's negligence as previously pled, Plaintiff Brandie Muncy suffered damages as follows:

(i) Medical expenses, past and future;

(ii) Physical and mental pain and suffering;

(iii) Permanent impairment; and

(iv) Other damages to be set forth after discovery; all of which are greater than the statutory amount for diversity jurisdiction pursuant to 28 U.S.C. §1332.

WHEREFORE, the Plaintiff prays for judgment against the above-captioned Defendants for an amount greater than required for diversity jurisdiction pursuant to 28 U.S.C. §1332, her attorney's fees, costs, interest and other such relief as the Court shall deem equitable and proper.

## THIRD CAUSE OF ACTION
## PLAINTIFF LUCAS CORDER

COMES NOW the Plaintiff, Lucas Corder, and reaffirms the above allegations and pleadings, and further states as follows:

18. As a result of Defendants' negligence as previously pled, Plaintiff Crystal Muncy suffered damages as follows:

(v) Medical expenses, past and future;

4

(vi) Physical and mental pain and suffering; and

(vii) Other damages to be set forth after discovery; all of which are greater than the statutory amount for diversity jurisdiction pursuant to 28 U.S.C. §1332.

WHEREFORE, the Plaintiff prays for judgment against the above-captioned Defendants for an amount greater than required for diversity jurisdiction pursuant to 28 U.S.C. §1332, his attorney's fees, costs, interest and other such relief as the Court shall deem equitable and proper.

## FOURTH CAUSE OF ACTION

COME NOW the Plaintiffs, and reaffirm the above allegations and pleadings, and further state as follows:

19. At all times pertinent hereto, Defendant Brown was acting within the scope of his employment as an agent for Defendant LHT.

20. Defendant LHT is vicariously liable for Plaintiffs' damages as set forth herein.

21. Defendant LHT was negligent in its hiring, training, and supervision of Defendant Brown, and such negligence caused all of Plaintiffs' damages as set forth herein.

WHEREFORE, the Plaintiffs pray for judgment against the above-captioned Defendants for an amount greater than required for diversity jurisdiction pursuant to 28 U.S.C. §1332, their attorney fees, costs, interest, and other such relief as the Court shall deem equitable and proper.

By: /s/ Blake D. Beeler
Marcus Mears, OBA # 16430
Blake D. Beeler, OBA # 19636
marcus@cunninghamandmears.com
blake@cunninghamandmears.com
*Attorneys for the Plaintiff*
CUNNINGHAM & MEARS, P.C.
228 Robert S. Kerr, Suite 200
Oklahoma City, OK 73102
Tel.   (405) 232-1212
Fax.  (405) 232-1675

***Jury Trial Demanded***
***Attorney Lien Claimed***